## SCHMIDT v WAUGH, et

Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 10542. Decided May 12, 1930

Stephen M. Young, Cleveland, for Schmidt
Cook, McGowan, Foote, Bushnell & Burgess, Cleveland, for Waugh, et.

**VICKERY, P.J.**

Now the only evidence shown in this cause of action is that the nose was not straightened. In other words, that the operation was not an entire success. I believe there is some evidence in the record to show that it afterwards got worse; that is, it became still more crooked. This was shown by his own testimony and, perhaps, by that of his mother and some relatives, and that was the basis of his right to recover.

There were no experts introduced and no evidence of any kind or character was introduced to show that the doctors did not use that degree of skill which they must use in order to escape responsibility for malpractice if the results are bad. Now we are not saying for a moment that it is necessary to have expert testimony, but we are saying—and we think the law sustains us in this contention—that before a person can recover for malpractice, he must show that the physician or surgeon who performed the operation did not use that degree of skill which he should have used under the circumstances. Now, the mere fact that the results were not satisfactory does not necessarily prove that a physician is guilty of malpractice. If that were the rule, then physicians or surgeons would be compelled to guarantee a recovery or satisfactory results from an operation, and I know of no cases where physicians or surgeons have been compelled to guarantee results or otherwise be responsible for malpractice.

Now, we cannot help but think that the court was right in this case so far as the first cause of action is concerned, because there is not a particle of evidence in this record to show anything but that the physicians exercised the highest degree of skill and did everything that was possible, even though the results were not satisfactory.

There being no evidence in this record which would warrant a submission to the jury on the first cause of action, we can do nothing but sustain the lower court on that proposition and affirm the judgment so far as the first cause of action is concerned.

Now coming to the second cause of action, the court refused to submit it to the jury on the basis of **malpractice,** but simply sub-

mitted it to the jury on the basis of assault and battery or trespass upon plaintiff's person without his knowledge or consent. There is not anything to show that there was any malpractice on this second cause of action. If the doctors had no right or permission granted them by this young man or his parents to make an incision on his person and remove a portion of the cartilage of the rib in order to perfect the operation on the nose which they were called upon to perform, they probably are guilty of assault and battery, and that was the theory of the trial court and it submitted that question to the jury. We have not heard any error that was urged in the charge of the court, and we must assume that the charge was correct.

Now having all the evidence upon this questions before it under the instructions of the court, the jury found for the defendants,—that they had not committed any willful and unwarranted assault upon him, nor did they commit a battery upon him, and the jury having so found, and the court who tried the case having overruled the motion for a new trial and entered a judgment upon the verdict, we cannot say that the finding of the court was so manifestly wrong or that the jury's verdict was so manifestly against the weight of the evidence that we would be warranted in disturbing the judgment of the court.

There being no error in this record, or at least no reversible error, the judgment of the court below is affirmed.

Sullivan, J., concurs.
Levine, J., not participating.